# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH TAMBORELLO, Defendant. | Case No. CR10-0028 ORDER FOR PRETRIAL DETENTION |

On the 2nd day of June, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

## RELEVANT FACTS

On April 21, 2010, Defendant Joseph Tamborello was charged by Indictment (docket number 2) with being a felon in possession of firearms. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 26, 2010.

Special Agent Timothy Hunt of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified regarding the circumstances underlying the instant charge. At approximately 5:00 a.m. on April 5, 2006, Officers were called to the residence of Defendant Joseph Tamborello. Defendant, who has a history of mental health problems, told the officers that he wanted to go to the hospital. When officers arrived, Defendant was wearing a bullet proof vest and was talking about "suicide by officer." During the investigation, two 12-year-old boys staying at the house reported that Defendant was acting

strangely.[1] The boys told the investigators that Defendant talked about having an officer shoot him. According to the boys, Defendant loaded one or more of the weapons, but when the boys told him they would tell the owner of the firearms, Defendant unloaded the weapons. Officers found guns and .22 caliber ammunition on the floor of the residence. During a recent interview, Defendant recalled the incident, but denied handling the firearms.

According to the pretrial services report, Defendant is 34 years old, unmarried, and has no children. Defendant was born and raised in Burlington, Iowa, but has lived in the Cedar Rapids area for the last five years. Prior to his arrest, Defendant lived in Center Point with his girlfriend, her five-year-old daughter, and his girlfriend's mother. His girlfriend and her mother told the pretrial services officer that Defendant could reside with them if released, but they both reported having concerns about the Defendant relapsing into heavy alcohol use if he were released.

Prior to his arrest, Defendant had been working for a couple of weeks with a carpentry company, through a temporary employment agency. His employer told the pretrial services officer that he would be willing to rehire Defendant on a temporary basis if released.

Defendant does not have any physical health issues, but has a long history of mental health issues. Defendant was first diagnosed with depression in 1996 and has also been diagnosed with personality disorder not otherwise specified. Defendant reported several suicide attempts. Defendant has been prescribed numerous psychiatric medications at various times in his life, but he is not currently taking any psychiatric medication.

Defendant admitted that he was a regular user of marijuana from age 14 until about a year ago. He reported experimenting with LSD in 1993 and he used methamphetamine on a daily basis for about three months in 1995. Defendant also has a serious alcohol

---

[1] Defendant was apparently dating Michelle Cuba at that time and staying occasionally at her house. One of the 12-year-old boys was Cuba's son, while the other was apparently a friend of her son.

2

problem, as illustrated by his criminal record. Defendant has undergone inpatient substance abuse treatment at least twice, with the last being at Alcohol and Drug Dependency Services of Southeast Iowa in Burlington, Iowa, from October 2009 to April 2010.

Defendant has an extensive prior criminal record, dating back to 1994. Defendant has been convicted of operating while intoxicated three times and has at least ten convictions for public intoxication. Defendant has been convicted of assaultive behavior at least five times, and was convicted of willful injury, causing serious injury, in 2006. Defendant also has numerous convictions for theft, trespass, criminal mischief, and other offenses. Many of Defendant's criminal activities have occurred while he was on pretrial release or probation. Defendant's probation has been revoked at least four times. Defendant has failed to appear for court proceedings at least four times. Defendant was twice placed in a residential facility while on probation, but failed on both occasions.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of firearms, one of the offenses found in § 3142(f)(1). The Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of firearms. Without being able to adequately assess the credibility of the two minors who place Defendant in possession of the weapons, the Court is unable to determine "the weight of the evidence." While Defendant has lived in Iowa all of his life, he does not appear to have a stable residence or steady employment. Prior to his arrest, Defendant was living with his girlfriend, but Defendant told the pretrial services officer that he had "broken up" with his girlfriend and he did not think could live there if released. His girlfriend told the pretrial services officer that Defendant could reside with her, but expressed concerns that he would lapse into heavy alcohol use if he were released. Defendant was employed prior to his arrest, but only for a couple of weeks. Of principal concern to the Court is Defendant's extensive criminal record, including at least five convictions for violent offenses. Defendant has repeatedly committed additional offenses while on pretrial release or probation. It appears that Defendant has an ongoing alcohol problem and when he drinks, he constitutes a danger to himself and others. Defendant has also failed to appear for court on multiple occasions.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 27, 2010) to the filing of this Ruling (June 2, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 2nd day of June, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA