# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-28-LRR |
| vs. | **ORDER** |
| JOSEPH TAMBORELLO, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Joseph Tamborello's Objections (docket no. 36) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 29), which recommends that the undersigned deny Defendant's "Motion to Suppress" ("Motion") (docket no. 16).

## *II. RELEVANT PROCEDURAL HISTORY*

On April 21, 2010, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charges Defendant with Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On June 23, 2010, Defendant filed the Motion. On June 28, 2010, the government filed its Resistance (docket no. 18). On July 2, 2010, Judge Scoles held a hearing ("Hearing") on the Motion. Assistant United States Attorney Robert Teig represented the government. Attorney Stephen Swift represented Defendant, who was personally present. On July 6, 2010, Defendant filed a supplemental brief ("Supplement") (docket no. 20). On July 7, 2010, the government filed its response (docket no. 22) to the Supplement. On July 9, 2010, Defendant appeared before Judge Scoles and entered a conditional plea of guilty to Count 1 of the Indictment. Defendant's plea is conditional upon the outcome of the Motion. On July 15, 2010, Judge Scoles issued the Report and Recommendation. On July 16, 2010,

the government filed its Response (docket no. 30) indicating it had no objections to the Report and Recommendation. On August 2, 2010, the undersigned accepted Defendant's conditional guilty plea (docket no. 33). On August 4, 2010, Defendant filed his Objections.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Crim. P. 59(b)(3) (stating a district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the Report and Recommendation de novo.

## IV. ANALYSIS

Defendant lodges two objections to Judge Scoles's conclusions of law. First, he objects to Judge Scoles's conclusion that Defendant lacked a reasonable expectation of privacy in the residence in which law enforcement discovered the firearms. Second, Defendant objects to Judge Scoles's conclusion that law enforcement officers entered the residence pursuant to their community care taking function.

2

## A. Reasonable Expectation of Privacy

"The person challenging the search has the burden of showing both a subjective expectation of privacy and that the expectation is objectively reasonable; that is, one that society is willing to accept." *United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999). Courts consider several factors to determine whether a person has a reasonable expectation of privacy:

> whether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises.

*Id.* The Supreme Court has recognized that an overnight guest at a residence has a legitimate expectation of privacy in the residence. *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990).

Defendant argues that *United States v. Pollard*, 215 F.3d 643 (6th Cir. 2000), and *United States v. Weidul*, 325 F.3d 50 (1st Cir. 2003), support his assertion that he had a reasonable expectation of privacy in Joseph Kuba's residence. The undersigned agrees with Judge Scoles's analysis distinguishing these cases from the instant case.

In *Pollard*, the Sixth Circuit Court of Appeals held that the defendant had a reasonable expectation of privacy in another's residence, because "[h]e had been friends for approximately seven years with the lessee . . . and had been staying in the home earlier in the week." 215 F.3d at 647. Additionally, the defendant "occasionally spent the night at the residence and kept some personal belongings in a closet in the living room." *Id.* Finally, and perhaps most importantly, the defendant in *Pollard* "was allowed to stay in the home even if the residents were not present." *Id.* at 648. In the instant case, Defendant may have been living at Kuba's residence in the summer of 2005, approximately seven months before the incident which gave rise to the charge. Although Defendant may have, at one time, been an overnight guest in Kuba's home, Kuba testified that he "would

3

not have allowed" Defendant in his home had he known he was planning to come to his house. Hearing Transcript ("Tr.") (docket no. 34), at 8.

In *Weidul*, the First Circuit Court of Appeals found that the defendant had a legitimate expectation of privacy in his girlfriend's residence because the court "inferred from the record that [the defendant] was staying or living with [his girlfriend]." 325 F.3d at 52 n.1. Here, the record does not permit such an inference. In fact, the facts established at the Hearing indicate that Defendant had not stayed at Kuba's residence in months and that he was not welcome there.

Defendant points to additional facts in his Objections which he asserts support the conclusion that he had a reasonable expectation of privacy in Kuba's residence, including: (1) Defendant helped repair a roof at the residence, (2) he may have put up a Christmas tree there, (3) he "probably" had "clothing and personal items there" and (4) Defendant states that he told the officers he lived at the residence and that the children at the house said he lived at the residence. Objections at 1-2 These facts, even if true, do not change the court's analysis. The court credits Kuba's testimony that Defendant was not welcome at the residence and had not stayed overnight in months. Accordingly, the court concludes that Defendant lacked a reasonable expectation of privacy in Kuba's residence. Defendant's objection is overruled.

## B. Community Care Taking

Because the court found that Defendant did not have a reasonable expectation of privacy in Kuba's residence, it need not consider whether the warrantless search violated the Fourth Amendment. *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ( The "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."). However, even if the court erred in its analysis regarding Defendant's

4

expectation of privacy, the court agrees with Judge Scoles's conclusion that the search was conducted pursuant to law enforcement's community care taking duties.

In his objections, Defendant states that law enforcement's warrantless entry into the Kuba residence was not conducted pursuant to the community care taking function. Defendant argues that "[t]here is not evidence in the record of blood on [] Defendant, the sound of gunshots, nor other reasonable inquiry [by law enforcement] as to individuals who might potentially have been available to contact prior to entering the residence." Objections at 3.

Officer Thaddeus Paisar of the Cedar Rapids Police Department testified at the Hearing that Defendant told him that there were "a couple children in the house and [he] believe[d] . . . [Defendant] stated that the oldest was approximately age nine." Tr. at 21. Officer Paisar "advised a commander of the situation and he advised that they would do a welfare check on the children to make sure the children were okay inside the residence." The Eighth Circuit Court of Appeals has held that law enforcement may enter a residence without a warrant if they have a "legitimate concern for the safety of individuals." Report and Recommendation at 8 (citing *United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1028 (8th Cir. 2007); *United States v. Janis*, 387 F.3d 682, 687 (8th Cir. 2004); *United States v. Antwine*, 873 F.2d 1144, 1147 (8th Cir. 1989)). After thoroughly reviewing the facts, including the additional facts that Defendant points to in his Objections, the court finds that the warrantless entry into the residence was not only prudent, but supported by the law. Accordingly, Defendant's objection is overruled.

## *VI. CONCLUSION*

In light of the foregoing, the court **ORDERS:**

(1) Defendant's Objections (docket no. 36) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 29) is **ADOPTED**;

(3) The Motion (docket no. 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 18th day of August, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA